**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1230
_____

RUTH T. MCLEAN,
Appellant

v.

800 DC, LLC, doing business as BIZZIE & 1800DRYCLEAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:19-cv-17310)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2021

Before:  AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: January 13, 2021)
_____

OPINION[*]
_____

PER CURIAM

      Pro se appellant Ruth T. McLean appeals the District Court's dismissal of her

complaint relating to a judgment entered against her in Michigan state court.  For the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reasons that follow, we will affirm the District Court's opinion with one modification.

This case stems from a breach of contract and unfair competition action in the 44th District Court in Michigan, relating to a franchise owned and operated by McClean in New Jersey. 800 DC, LLC sued McLean, and after a bench trial in May 2017 in which McLean participated and brought a counterclaim for damages, judgment was entered in favor of 800 DC as well as attorney's fees for 800 DC. McLean did not appeal those decisions. In July 2018, it began domestication and collection efforts for the judgment in New Jersey. In August 2018, McLean sought to dismiss the domesticated judgment in the New Jersey Superior Court, but her motion was denied in September 2018. McLean sought reconsideration, which was denied, and filed another challenge to the judgment in October 2018, which was also denied. McLean did not appeal from any of the above judgments. McLean subsequently initiated bankruptcy proceedings in New Jersey in November 2018, later voluntarily requested dismissal of her petition in September 2019.

Just before McLean dismissed her bankruptcy petition, she filed a complaint in the District Court against 800 DC, challenging the Michigan judgment against her as fraudulent because a process server improperly served her by using misleading documents and arguing that her federal constitutional rights were violated in the course of that proceeding, as she had argued in the Michigan court. She sought relief from the Michigan judgment entered against her and damages from defendant. The District Court held a hearing on McLean's motion for a preliminary injunction, which was denied, and another hearing when defendant moved to dismiss McLean's complaint pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Subsequently, the District

Court granted defendant's motion and dismissed McLean's complaint with prejudice,

concluding that it lacked jurisdiction over the dispute pursuant to the Rooker-Feldman

doctrine.  McLean timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise

plenary review over the District Court's order dismissing McLean's claims.  See Great

W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

We agree that dismissal of McLean's complaint was proper.  On appeal, McLean

first argues that the District Court should have enjoined the Michigan judgment against

her because she alleges that her rights were violated in the course of those proceedings.

See Appellant's Br. at p. 21-22, 34.  However, the Rooker-Feldman doctrine precludes

federal court review of "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments."  Exxon

Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  This narrow doctrine

is limited to claims where the complained-of injury stems directly from a state court

proceeding.  See Great W. Mining, 615 F.3d at 167.  To the extent that McLean sought to

enjoin the Michigan judgment entered against her, which she did not appeal, the District

Court properly concluded that it lacked jurisdiction to consider that claim pursuant to the

---

[1]  Defendant's motion was labeled as a motion for summary judgment, but the body of
the motion requested dismissal of McLean's complaint under Rules 12(b)(1) and
12(b)(6).  On appeal, 800 DC restates that it sought dismissal pursuant to these rules.  See
Appellee's Br. at p. 5.

Rooker-Feldman doctrine. Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 458-59 (3d Cir. 2019) (explaining that there has been an effectively final judgment for purposes of the Rooker-Feldman doctrine when a "state action has reached a point where neither party seeks further action" and that "federal district courts are not amenable to appeals from disappointed state court litigants" such that "[a] litigant seeking to appeal a state court judgment must seek review in the United States Supreme Court under 28 U.S.C. § 1257").

To the extent that McLean also sought and continues to seek damages from 800 DC for fraud and malfeasance by the process server who served her in the Michigan action, McLean has never made allegations in her filings or hearings that 800 DC had any involvement with the process server's alleged used of misleading documents to fraudulently serve her. Under these circumstances, McLean cannot state a claim against 800 DC for her dissatisfaction with the process server's actions. See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (explaining that to state a claim, a plaintiff must "plead sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for misconduct alleged") (internal quotation marks and citation omitted); see also Great W. Mining, 615 F.3d at 167 ("When . . . a federal plaintiff asserts injury caused by [a] defendant's actions and not by the state-court judgment, Rooker-Feldman is not a bar to federal jurisdiction."). To the extent that McLean also sought to bring federal due process claims against 800 DC, such an action is available only against a state actor pursuant to 42 U.S.C. § 1983, and McLean has never suggested that allegations to

4

suggest that 800 DC, a private LLC, is a state actor for purposes of § 1983. See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004).

Finally, we note that, to the extent that a dismissal under the Rooker-Feldman doctrine was appropriate, the dismissal should have been without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the District Court's order, in part, to dismiss without prejudice that aspect of McLean's complaint that sought review and rejection of a state court judgment. We affirm the District Court's dismissal as modified.